IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROYCE GLENN DAILY, #2354409** | § § | |
| VS. | § § | CIVIL ACTION NO.  4:22cv660 |
| **ESTELA GOMEZ LEMAS, ET AL.** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Royce Glenn Daily filed a motion for summary judgment (Dkt. #25) in his prisoner civil rights lawsuit filed pursuant to 42 U.S.C. § 1983, asserting he is entitled to summary judgment because Defendants have not filed an answer. Defendants filed a response, asserting Plaintiff's motion for summary judgment is improper and should be denied because: (1) the summary judgment motion is actually a motion for default judgment, and because Defendants have filed responsive pleadings, Plaintiff's motion is now moot; and (2) Plaintiff does not assert the absence of any genuine issue of material fact and makes no effort to otherwise comply with the requirements of Federal Rule of Civil Procedure 56. (Dkt. #26).

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.*, 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movant makes a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dep't of Crim. Just.*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 755 (5th Cir. 2001).

Plaintiff's motion for summary judgment is more properly construed as a motion for default judgment. However, on June 2, 2023, Defendants filed an Answer to Plaintiff's Complaint. (Dkt. #22). Thus, Defendants are not in default. Nonetheless, Plaintiff has filed his motion for summary

judgment prematurely. No discovery has been made to properly consider Plaintiff's claims, and the Court has ordered Defendants to file relevant motions concerning the defenses to Plaintiff's lawsuit as outlined in Defendant's Answer. (Dkt. #24). For these reasons, Plaintiff's motion for summary judgment should be denied without prejudice as premature.

## RECOMMENDATION

Based on the foregoing, the Court recommends Plaintiff's motion for summary judgment (Dkt. #25) be summarily **DENIED** without prejudice as premature.

**So ORDERED and SIGNED this 22nd day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE