**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROYCE GLENN DAILY, #2354409** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:22cv660** |
| | § | |
| **ESTELA GOMEZ LEMAS, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Elbert Holmes' ("Holmes") Motion for Summary

Judgment ("the Motion for Summary Judgment") (Dkt. #29). To date, Plaintiff Royce Glenn Daily

("Plaintiff") has not filed a response. After reviewing the Motion for Summary Judgment and all

other relevant filings, the Court recommends the Motion for Summary Judgment (Dkt. #29) be

**GRANTED**, as set forth herein.

## I.  BACKGROUND

On July 29, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit

pursuant to 42 U.S.C. § 1983 against Defendants Estela Gomez Lemas ("Lemas"), who at all

relevant times was a correctional officer at the Cole Unit, and Holmes, who at all relevant times

was the Warden of the Cole Unit. (Dkt. ##1, 4). Plaintiff alleges Lemas used "excessive force

causing injury requiring medical attention." (Dkt. #1, p. 3). With respect to Holmes, Plaintiff

alleges "deprivation of a right against retaliation." (Dkt. #1, p. 3). The Statement of Claim

specifically provides:

> On February 14, 2022, at TDCJ Cole Unit I was sprayed in the face with a chemical
> bleach solution in an unprovoked physical assault by TDCJ Correctional Officer
> Estela Gomez Lemas. This action caused me severe pain and irritation in my eyes.
> I immediately requested medical attention which was denied. I was subsequently
> pepper sprayed for insisting on infirmary services. I was subjected to taunting by
> Officer Lemas afterwards. I requested an incident investigation charging physical

1

assault. I was transferred out of Cole Unit to Duncan Unit for repeated requests for proper investigation by Cole Unit and Administration.

There are two eyewitnesses to the unprovoked assault – inmate Brett Michael Shark . . . and inmate Raul Gonzalez . . . . I have a[n] infirmary report detailing medical attention given after being sprayed with both a chemical bleach solution and pepper spray. I also have a copy of the prescribed medication given to relieve the injury caused by the assault.

(Dkt. #1, pp. 4-5). As relief, Plaintiff seeks compensatory and punitive damages. (Dkt. #1, p. 4).

Attached to Plaintiff's Complaint is a copy of Plaintiff's Step 2 Offender Grievance Form related to his grievance filed against Lemas (Grievance #2022064798). (Dkt. #1-1).

The Court ordered Defendants to answer Plaintiff's Complaint or to otherwise plead. (Dkt. #6). Defendants filed an Answer (Dkt. #22), raising several defenses to Plaintiff's Complaint, including failure to exhaust administrative remedies. The Court ordered Defendants to file relevant motions concerning the defenses to Plaintiff's lawsuit as outlined in their Answer. (Dkt. #24).

On June 29, 2023, Holmes filed the Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.[1] (Dkt. #29). Holmes argues he is entitled to summary judgment because Plaintiff failed to sufficiently exhaust his administrative remedies against him. He also argues Plaintiff fails to overcome Holmes' entitlement to qualified immunity. In support of the Motion for Summary Judgment, Holmes attached Plaintiff's Texas Department of Criminal Justice ("TDCJ") grievance records from February 1, 2022, to August 31, 2022, along with a business records affidavit. (Dkt. #29-1). Plaintiff has not filed a response to the Motion for Summary Judgment.

---

[1] Counsel for Defendants stated that based on his review of the pleadings and available relevant records, a dispositive motion is inappropriate for Lemas at this time. (Dkt. #29, p.1 n.1).

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the nonmovant must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Notable herein, a court may not grant a motion for summary judgment for the sole reason that the nonmovant fails to file an appropriate opposition. *Defrese-Reese v. Healthy Minds, Inc.*, No. CV 18-1134, 2020 WL 4457773, at *4 (W.D. La. Aug. 3, 2020) (citing *John v. State of La. (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985)) ("If a party fails to oppose a motion for summary judgment, the moving party is not automatically entitled to judgment

in its favor."). Rather, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [the nonmovant's] unsworn pleadings, which do not constitute summary judgment evidence[,]" and a court may accept as undisputed the movant's evidence. *Allstate Vehicle & Prop. Ins. Co. v. Daum*, No. 3:20-CV-0671-D, 2020 WL 4883956, at *2 (N.D. Tex. Aug. 20, 2020) (citing *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

### III.  ANALYSIS

#### A.  Exhaustion of Administrative Remedies

Holmes moves for summary judgment regarding Plaintiff's claims against him because Plaintiff did not properly exhaust his allegations through the TDCJ grievance procedure in accordance with the applicable grievance rules prior to filing this lawsuit.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 641 (2016); *Jones v. Bock*, 549 U.S. 199, 212 (2007); *Wilson v. Epps*, 776 F. 3d 296, 301 (5th Cir. 2015).

The TDCJ currently employs a two-step grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). The prisoner must pursue the grievance through both steps of the procedure for his claims to be considered exhausted. *Id.* The formal grievance procedure available for inmates confined in the TDCJ are outlined in the Offender Orientation Handbook.[2]

The first step in the formal grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance coordinator. The Step 1 grievance must be submitted within fifteen days from the date of the alleged incident. The second step in the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator. A Step 2 grievance must be submitted within fifteen days from the date the Step 1 grievance is returned to the offender.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson*, 385 F.3d at 516-17. "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know—and a prisoner could ordinarily be expected to provide—details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

---

[2] *See* https://tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf.

In accordance with the TDCJ Grievance Procedures, grievances that do not comply with the grievance rules may be returned to the inmate unprocessed. *See* Grievance Procedures for Offenders, Section VII, ¶ G.[3] The grievance may then be corrected and resubmitted within fifteen days from the "Date Returned to the Offender" date on the back of the grievance form on the returned grievance. *Id.* A grievance is "inappropriate" if it asks for monetary damages or any form of disciplinary action against staff. *Id.* at Section VII, ¶ G(12).

The competent summary judgment evidence in this case shows there is no genuine issue of material fact that, prior to filing this action, Plaintiff failed to properly exhaust the available grievance procedure by submitting grievances relating to his allegation that Holmes transferred Plaintiff from the Cole Unit to the Duncan Unit as retaliation for Plaintiff's requests for a proper investigation into the February 14, 2022 incident involving Lemas. The record shows Plaintiff filed the following grievances:

On February 14, 2022, Plaintiff submitted a Step 1 grievance concerning the February 14, 2022 incident described in Plaintiff's Statement of Claim in which Lemas allegedly sprayed bleach in Plaintiff's eyes. (Dkt. #29-1, pp. 3-4). Plaintiff asked for disciplinary action against Lemas. (Dkt. #29-1, p. 4). The grievance was returned as inappropriate. (Dkt. #29-1, p. 4).

On February 16, 2022, Plaintiff corrected and resubmitted his Step 1 grievance against Lemas for the February 14, 2022 incident described in Plaintiff's Statement of Claim (Grievance No. 2022064798). (Dkt. #29-1, pp. 5-12, 20-21, 24-31, 40-41). The response to the grievance states: "An investigation into your allegations has been conducted. This was sent to Region II OIG, and they state that insufficient evidence was presented to open an OIG investigation. At this time

---

[3] *See* https://tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf.

no further action is warranted."[4] (Dkt. #29-1, p. 6). On April 8, 2022, the response was returned to Plaintiff. (Dkt. #29-1, pp. 5-6). On April 11, 2022, Plaintiff submitted his Step 2 grievance, complaining about the investigation of his Step 1 grievance and asserting there was sufficient evidence to support his allegations of assault by Lemas. (Dkt. #29-1, pp. 22-23, 32). The May 6, 2022 response to the grievance states: "The issue has been reviewed by the Office of Inspector General and that office has determined that there is insufficient evidence to warrant opening a case. No further action will be taken." (Dkt. #29-1, p. 23).

On April 1, 2022, Plaintiff filed a Step 1 grievance complaining Lemas remarked to him during count that "there's the guy I sprayed in the eyes." (Dkt. #29-1, pp. 13-14). The grievance was returned because it was redundant of Grievance No. 2022064798. (Dkt. #29-1, p. 14).

On April 15, 2022 (seven days after the response to the Step 1 grievance in Grievance No. 2022064798 was returned to Plaintiff), Plaintiff filed a Step 1 grievance against the unit grievance coordinator T.E. Stanberry, complaining about the investigative procedure related to his grievance filed against Lemas (Grievance No. 2022089018). (Dkt. #29-1, pp. 15-19, 35-39). The response to the grievance states: "An investigation was conducted into your complaint against Ms. Stanberry. No evidence was found to substantiate your claims of staff misconduct on behalf of the grievance procedure. Based on the information provided no further action is warranted." (Dkt. #29-1, p. 16). The response was returned to Plaintiff on April 25, 2022. (Dkt. #29-1, pp. 15-16). On April 29, 2022, Plaintiff filed a Step 2 grievance, complaining about Stanberry's failure to follow grievance procedures. (Dkt. #29-1, pp. 33-34). The May 24, 2022 response to the grievance states:

> An investigation has been conducted into your complaint. You have not provided any evidence to substantiate your claims that your grievances are not being processed in accordance with agency policy. Your grievance was sent to OIG for

---

[4] The investigative worksheet contains the following fact-finding summary: Lemas "self-admitted wrongdoing in this incident and proper action as deemed necessary will be taken by Unit Administration"; and "the investigation shows proper steps have been taken prior to the grievance being sent in by inmate Daily." (Dkt. #29-1, p. 8).

review. Whether or not they interview you is at their discretion. There is no evidence of staff misconduct regarding this issue. No further action is warranted in this matter.

(Dkt. #29-1, pp. 34, 42).

The grievance records reflect Holmes is not named, mentioned, or implicated in any of the above grievances. Nor did Plaintiff file any grievance concerning his allegation that Holmes transferred Plaintiff from the Cole Unit to the Duncan Unit as retaliation for Plaintiff's requests for a proper investigation into the February 14, 2022 incident involving Lemas. Therefore, the competent summary judgment evidence shows Plaintiff did not properly pursue his claims against Holmes through all steps of the grievance process in a procedurally correct manner prior to filing his Complaint. Accordingly, because Plaintiff failed to properly exhaust the available administrative remedies as required by 42 U.S.C. § 1997e, the Motion for Summary Judgment should be granted.

**B. Qualified Immunity**

Holmes also argues summary judgment should be granted because he is entitled to qualified immunity. Because the Court finds the Motion for Summary Judgment should be granted on the failure to exhaust basis, the Court does not address Holmes' qualified immunity argument.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends the Motion for Summary Judgment (Dkt. #29) be **GRANTED** and Plaintiff's claims against Defendant Elbert Holmes be **DISMISSED WITH PREJUDICE**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE